United States District Court
Southern District of Texas
**ENTERED**
April 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NELSON L KING, TDCJ #01940952, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-126 |
| | § | |
| JAMES COLLIER, *et al*, | § § | |
| Defendants. | § | |

## ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE

Nelson King (TDCJ #01940952) has brought an action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, alleging that the defendants have violated his constitutional and statutory rights by refusing to house him in dormitories at the Darrington Unit because of his mental illness (Dkt. 1 at 7–8). King is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*.

On February 2, 2018, defendants filed a motion for summary judgment in this case (Dkt. 21). On February 7, 2018, King filed a notice of change of address stating that he had not received any motion for summary judgment from the defendants and that he has been moved to another unit (Dkt. 22). On April 11, 2018, the clerk sent King another copy of the motion for summary judgment at his new address (Dkt. 23).

King's claim centers on his dissatisfaction with his housing placement at the Darrington Unit (Dkt. 1 at 6-7). In his notice of change of address, King reports that he has been moved from the Darrington Unit (Dkt. 22). Because King has been transferred to another unit, all of his claims for injunctive relief regarding the Darrington Unit are

**DISMISSED as MOOT**. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a claim by the prisoner-plaintiff for injunctive relief against continued exposure to asbestos was moot because the plaintiff had been transferred out of the unit).

Accordingly, the Court **ORDERS** as follows:

1. Based on King's representation that he is no longer housed at the Darrington Unit, all of King's claims for injunctive relief at the Darrington Unit are **DISMISSED** without prejudice as **MOOT**.

2. King shall have **forty (40) days** from the date of this Order to **SHOW CAUSE** as to why his other claims regarding his housing placement at the Darrington Unit are not moot.

3. King shall have **forty (40) days** from the date of this Order to file a response to defendants' motion for summary judgment (Dkt. 21) on the merits.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Galveston, Texas, this 12th day of April, 2018.

                                          */s/ George C. Hanks Jr.*
                                          George C. Hanks Jr.
                                          United States District Judge